THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LARRY JACKSON and SEDERICK NOBLE                                PLAINTIFFS

v.                                Case No. 4:19-cv-00199-KGB

UNITED STATES OF AMERICA                                         DEFENDANT

<u>OPINION AND ORDER</u>

Before the Court is the motion for summary judgment filed by defendant the United States of America (Dkt. No. 5).  For the following reasons, the Court lacks subject-matter jurisdiction over plaintiff Sederick Noble's Federal Tort Claims Act claim, and this claim is dismissed without prejudice.  In addition, the United States is entitled to summary judgment on plaintiff Larry Jackson's Federal Tort Claims Act claim, and this claim is dismissed with prejudice.

I.      **Factual And Procedural Background**

The facts are largely undisputed.  On March 22, 2019, Mr. Jackson and Mr. Noble (collectively, "plaintiffs") filed a complaint against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 (Dkt. No. 1).  Mr. Jackson seeks to recover $35,000 in damages, and Mr. Noble seeks to recover $250,000 (*Id.*, ¶¶ 16–17).  The United States filed a motion for summary judgment, a brief in support thereof, and a statement of material facts (Dkt. Nos. 5, 6, 7).  Plaintiffs filed a response (Dkt. No. 8), to which the United States filed a reply (Dkt. No. 9).  The motion is ripe for review and, for the following reasons, the Court grants in part and denies in part as moot the motion.

II.     **Summary-Judgment Standard**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

The party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019).  If the moving party carries its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997).  The non-movant "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Matsushita*, 475 U.S. at 586, 587).  The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.  *See Anderson*, 477 U.S. at 255.

III.    **Summary-Judgment Record**

The summary-judgment record, viewed in the light most favorable to plaintiffs, is as follows.  On March 23, 2016, plaintiffs were seriously injured in a motor-vehicle collision at an intersection in Little Rock, Arkansas (Dkt. No. 7-1, at 4).  At the time of the accident, plaintiffs were passengers in a shuttle van owned and operated by the Department of Veterans Affairs

("VA") (*Id.*).  Mr. Jackson's counsel sent a letter to the VA, dated February 13, 2018, stating, in

relevant part, that:

> We represent Larry Jackson for personal injuries received in an automobile
> collision of March 23, 2016.  It is our understanding that Mr. Jackson was received
> [sic] treatment for his injuries at the VA in North Little Rock.  Please send our
> office a complete itemized statement for all services rendered to Mr. Jackson
> beginning **on March 17, 2017 to present**.

(Dkt. No. 8-1).  Not having received a response, Mr. Jackson's counsel sent a second letter to the

VA, dated May 16, 2018, explaining that:

> We represent Larry Jackson for personal injuries received in an automobile
> collision of March 23, 2016.  It is our understanding that Mr. Jackson was received
> [sic] treatment for his injuries at the VA in North Little Rock.
>
> In February of 2018 requests for Mr. Jackson's VAs [sic] records and bills were
> sent.  To date we have not received them.  Please send Mr. Jackson's bills and
> records to my office at your earliest convenience.

(Dkt. No. 8-2).  Mr. Jackson's counsel received the requested medical records from the VA in July

2018 (Dkt. No. 8-3).

Thereafter, Mr. Jackson filed an administrative complaint with the VA, which was received

on August 17, 2018 (Dkt. No. 7-1, at 1,[1] 5–7).  On September 20, 2018, the VA denied Mr.

Jackson's administrative complaint, concluding that it was untimely because it was filed more than

two years after the claim accrued (*Id.*, at 1, 10–11).  Mr. Noble did not file an administrative

complaint with the VA (*Id.*, at 1).  Plaintiffs filed a complaint against the VA in this Court on

March 22, 2019 (Dkt. No. 1).

---

[1]  Because plaintiffs did not file a statement of material facts as required by Local Rule 56.1(b)
or otherwise controvert the material facts set forth in the statement filed by the United States, the
United States' statement of undisputed facts is deemed admitted pursuant to Local Rule 56.1(c)
(Dkt. No. 7).  *See also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of
fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the
court may . . . consider the fact undisputed for purposes of the motion . . . .").

IV.     **Discussion**

Because Mr. Noble did not exhaust his administrative remedies, the Court lacks subject-matter jurisdiction over his FTCA claim, and the claim must be dismissed without prejudice. Additionally, because Mr. Jackson's FTCA claim was not timely filed, and because Mr. Jackson has not offered an acceptable reason for failing to comply with the FTCA's statute of limitations, the United States is entitled to summary judgment on Mr. Jackson's FTCA claim.[2]

A.     **Mr. Noble's FTCA Claim**

Neither party has challenged the Court's subject-matter jurisdiction.  However, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (admonishing district courts "to be attentive to a satisfaction of jurisdictional requirements in all cases").  Because Mr. Noble did not file an administrative complaint with the VA based on the record evidence before the Court, his claim must be dismissed without prejudice for lack of subject-matter jurisdiction.

"In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing 28 U.S.C. § 1346(b)).  Section 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a)

---

[2] In this Order, the Court will refer to 28 U.S.C. § 2401(b)'s two-year and six-month limitations periods collectively as the FTCA's statute of limitations

The United States moves for summary judgment on Mr. Noble's FTCA claim, maintaining that "[a] motion to dismiss for failure to timely present an administrative tort claim is now proper as a challenge for failure to state a claim upon which relief can be granted."  (Dkt. No. 6, at 1).[3] For support, the United States cites the Supreme Court's 2015 decision in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), in which the Court held that 28 U.S.C. § 2401(b)'s two-year and six-month limitations periods are non-jurisdictional and subject to equitable tolling.  *Kwai Fun Wong* abrogated the Eighth Circuit's decision in *T.L. ex rel. Ingram v. United States*, 443 F.3d 956 (8th Cir. 2006), which treated the FTCA's statute of limitations as jurisdictional.

*Kwai Fun Wong* involved the two-year and six-month time limits in § 2401(b), not § 2675(a)'s presentment requirement, which is at issue here.  Importantly, *Kwai Fun Wong*, in this Court's view, says nothing to undermine the Supreme Court's earlier observation that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."  *McNeil v. United States*, 508 U.S. 106, 112 (1993).  The *McNeil* Court went on to uphold the district court's dismissal of an unexhausted FTCA claim for lack of subject-matter jurisdiction, reasoning that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  *Id.* at 113.

This Court's reading of *Kwai Fun Wong* is bolstered by the fact that the Eighth Circuit has consistently held that "[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."  *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993); *see also Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc) ("We

---

[3] The United States explains, correctly, that "because matters outside the pleadings are attached to the instant Motion, it must be treated as one for summary judgment."  (*Id.*, at 2).

have long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court."); *Melo v. United States*, 505 F.2d 1026, 1030 (8th Cir. 1974) ("The trial court, by reason of plaintiff's failure to exhaust her administrative remedies, acquired no jurisdiction over the plaintiff's [FTCA] claim."); *see also Penny v. Social Security Administration*, No. 4:12-CV-00370-KGB, slip op. at 2–3 (E.D. Ark. Jan. 28, 2013) (dismissing an unexhausted FTCA claim for lack of subject-matter jurisdiction).  Indeed, approximately three months *after* the Supreme Court's decision in *Kwai Fun Wong*, the Eighth Circuit once again characterized the FTCA's exhaustion requirement as jurisdictional, albeit in an unpublished decision that did not explicitly address *Kwai Fun Wong*.  *See Telford v. United States*, 608 F. App'x 445, 446 (8th Cir. 2015) (citing *Mader*, 654 F.3d at 808, for the proposition that "conformity with § 2675(a) is jurisdictional" and affirming the dismissal of an unexhausted FTCA claim for lack of subject-matter jurisdiction).[4]

---

[4] The Eighth Circuit is not alone in doing so.  Since the Supreme Court's decision in *Kwai Fun Wong*, the Second, Third, Fifth, Ninth, and Tenth Circuits have held that the FTCA's exhaustion requirement is jurisdictional and thus not subject to any equitable exceptions.  *See Bakhtiari v. Spaulding*, 779 F. App'x 129, 132 (3d Cir. 2019) (per curiam); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019), *cert. denied*, 139 S. Ct. 2748 (2019); *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017); *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016).  The First, Fourth, Sixth, Eleventh, D.C., and Federal Circuits have reached the same conclusion but in cases decided before *Kwai Fun Wong*.  *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1347 (Fed. Cir. 2008); *Dalrymple v. United States*, 460 F.3d 1318, 1324–25 (11th Cir. 2006); *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275 (4th Cir. 2000); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997); *Corte-Real v. United States*, 949 F.2d 484, 485–86 (1st Cir. 1991); *Allen v. United States*, 517 F.2d 1328, 1329 (6th Cir. 1975).  Only the Seventh Circuit has taken a different view, treating § 2675(a)'s presentment requirement as non-jurisdictional.  *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786–87 (7th Cir. 2014) (citing *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012)).  The Seventh Circuit, however, has not addressed the issue since the Supreme Court's decision in *Kwai Fun Wong*.

For these reasons, the Court concludes that the FTCA's exhaustion requirement is jurisdictional, and the failure to exhaust administrative remedies deprives the district court of jurisdiction to hear the claim. *See Mader*, 654 F.3d at 805 (collecting cases).

Here, based on record evidence before the Court, it is undisputed that the VA did not receive an administrative claim from Mr. Noble (Dkt. No. 7-1, at 1). Consequently, the Court lacks subject-matter jurisdiction over Mr. Noble's FTCA claim, and the claim must be dismissed without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (where the district court found subject-matter jurisdiction lacking and dismissed the plaintiff's complaint with prejudice, affirming but modifying the judgment to be without prejudice); *Garza v. U.S. Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir. 2002) (affirming the district court's dismissal without prejudice of plaintiff's FTCA claim for lack of subject-matter jurisdiction).

### B.    Mr. Jackson's FTCA Claim

"To encourage the prompt presentation of claims, § 2401(b) requires claimants to present a claim to the appropriate federal agency within two years of the claim's accrual and file an action within six months of the agency's certified or registered mailing of a claim's final denial." *Arigo v. United States*, 980 F.2d 1159, 1160 (8th Cir. 1992) (citing *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). When a claim "accrues" under the FTCA is a matter of federal law. *See Brazzell v. United States*, 788 F.2d 1352, 1355 (8th Cir. 1986); *Snyder v. United States*, 717 F.2d 1193, 1195 (8th Cir. 1983). "The general rule is that an FTCA claim accrues at the time of injury." *Motley v. United States*, 295 F.3d 820, 822 (8th Cir. 2002).

Here, Mr. Jackson's claim accrued on March 23, 2016, the date of the motor-vehicle collision that is the subject of this case. Mr. Jackson concedes as much (Dkt. No. 8, at 2–3). Mr. Jackson "presented" his claim to the VA on August 17, 2018, almost 29 months after it accrued

(Dkt. No. 7-1, at 1).  *See* 28 C.F.R. § 14.2(a) (stating that, for statute-of-limitations purposes, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident . . .").  The claim was denied as untimely, having been filed nearly five months past the two-year window (Dkt. No. 7-1, at 1, 10–11).  Mr. Jackson then filed a complaint against the VA in this Court on March 22, 2019, two days after the six-month deadline for filing suit in federal court had passed.  Thus, Mr. Jackson missed *both* the two-year deadline for presenting an FTCA claim to the appropriate federal agency *and* the six-month deadline for filing suit in court.

Mr. Jackson admits that his claim was untimely, but asks the Court to equitably toll the FTCA's statute of limitations and allow his claim to proceed (Dkt. No. 8, at 2–3).  Specifically, Mr. Jackson contends that the VA's 138-day delay in responding to his counsel's first request for an itemized medical bill warrants equitably tolling or estopping the FTCA's statute of limitations (*Id.*, 3–5).

Mr. Jackson is correct that § 2401(b)'s time limits are subject to equitable modification. *See Kwai Fun Wong*, 135 S. Ct. at 1632–33.  "Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling 'is an exception to the rule, and should therefore be used only in exceptional circumstances.'"  *Motley*, 295 F.3d at 824 (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995)).  "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it."  *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980).

Here, Mr. Jackson has not met his burden.  "Equitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of

his claim." *Kirklin v. Joshen Paper & Packaging of Arkansas Co.*, 911 F.3d 530, 534 (8th Cir. 2018) (alteration omitted) (quoting *Dring,* 58 F.3d at 1328).  The doctrine of equitable tolling "does not require any misconduct on the part of the defendant."  *Dring*, 58 F.3d at 1328.  Rather, the relevant inquiry is whether a "reasonable person" in the plaintiff's situation would have been aware of the existence of a claim.  *See Kirklin*, 911 F.3d at 534 (citing *Dring*, 58 F.3d at 1329).

Mr. Jackson asks the Court to toll equitably the FTCA's statute of limitations.  Noting that it took the VA 138 days to respond to his counsel's first request for an itemized medical bill, Mr. Jackson maintains that:

> Knowledge of specific billing amounts is an absolutely vital component of a potential plaintiff's determination of whether to file suit.  It is not a foregone conclusion that it makes financial sense for an injured person to file a civil claim for redress of injuries.  Only after careful, thorough consideration of all information relevant to a claim, can an injured party make an informed decision about whether and how to proceed with a claim.

(Dkt. No. 8, at 3).

Missing from the summary-judgment record is any evidence that Mr. Jackson was unaware, or that a reasonable person in Mr. Jackson's position would have been unaware, of the existence of his cause of action.  In fact, Mr. Jackson all but concedes that he was aware of the *existence* of a claim, arguing only that he was unaware of the *value* of the claim.  That it was difficult for Mr. Jackson to determine the financial viability of an FTCA claim without an itemized medical bill from the VA is not "exceptional" enough to warrant equitable tolling.  As the United States argues, Mr. Jackson could have timely filed an administrative claim with the VA and then amended his claim after receiving the sought-after medical bill records from the VA.  *See* 28 C.F.R. § 14.2(c) ("A claim . . . may be amended by the claimant at any time prior to final agency action . . . .).  Additionally, Mr. Jackson does not explain how the fact that he did not receive an itemized medical bill from the VA until July 2018 caused him to miss the March 20, 2019, deadline for

filing a judicial complaint against the United States.  *See Arigo v. United States*, 980 F.2d 1159, 1160 (8th Cir. 1992) ("To encourage the prompt presentation of claims, § 2401(b) requires claimants to present a claim to the appropriate federal agency within two years of the claim's accrual *and* file an action within six months of the agency's certified or registered mailing of a claim's final denial." (emphasis added)).  Accordingly, the Court determines on the record before it that Mr. Jackson is not entitled to equitable tolling.

Mr. Jackson's bid for equitable estoppel also fails.  Admittedly, courts have not infrequently conflated the two concepts; however, it is generally accepted that equitable tolling and equitable estoppel are two distinct doctrines.  While equitable tolling applies when a plaintiff is unaware of his cause of action, equitable estoppel "comes into play when a defendant takes active steps to prevent a plaintiff from suing on time." *Kirklin*, 911 F.3d at 534–35 (citation and internal quotation marks omitted); *see also Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005) ("The doctrine of equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file her suit." (citing *Dring*, 58 F.3d at 1329)).

Application of equitable estoppel is generally reserved "for circumstances which were truly beyond control of the plaintiff or for conduct of the defendant that lulled the plaintiff into inaction." *Niccolai v. U.S. Bureau of Prisons, Dir.*, 4 F.3d 691, 693 (8th Cir. 1993).  Here, however, the record does not include any evidence indicating that the United States induced Mr. Jackson to sleep on his rights.  Stated differently, Mr. Jackson has not demonstrated that his failure to file both his administrative and judicial complaints was the consequence of either a deliberate design by the United States or of actions that the United States should unmistakably have understood would cause Mr. Jackson to delay filing of his complaints.

The Court acknowledges that it took the VA 138 days to respond to Mr. Jackson's counsel's first request for an itemized medical bill and around two months to respond to his second. However, while Mr. Jackson's counsel's two letters to the VA included the date of the motor-vehicle accident that is the subject of this case, neither letter "address[ed] any time concerns or any immediate need to submit an administrative tort claim." (Dkt. No. 9, at 4). In fact, Mr. Jackson's second letter instructed the VA to send his counsel an itemizable medical bill "at your earliest convenience." (Dkt. No. 8-2). From the record before it, the Court cannot say that the VA was aware of the time-sensitive nature of Mr. Jackson's inquiry. Thus, the Court agrees with the United States that Mr. Jackson "has failed to set forth any proof that the United States . . . unmistakably understood that Jackson needed documents by a certain time to submit his claim." (*Id.*). The Court further notes that Mr. Jackson has not offered any explanation as to how the VA's 138-day response time caused him to miss the deadline for filing a judicial complaint against the United States.

Finally, while not dispositive, the Court finds that Mr. Jackson's own delay counsels against an equitable modification of the FTCA's statute of limitations. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (stating, in the habeas context, that, "[u]nder long-established principles, petitioner's lack of diligence precludes equity's operation"); *McQuiddy v. Ware*, 87 U.S. 14, 19 (1873) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights"). It is undisputed that Mr. Jackson's claim accrued on March 23, 2016, the date of the motor-vehicle accident that is the subject of this case. Mr. Jackson waited nearly 23 months after the accident before requesting an itemized medical bill from the VA. Mr. Jackson has not explained why he waited until February 13, 2018, about five weeks before the expiration of the FTCA's two-year time bar for presentment, to inquire about the cost of the medical services

11

rendered to him.  Furthermore, Mr. Jackson's follow-up letter to the VA was sent nearly two months *after* the two-year administrative filing deadline had lapsed.

In rejecting Mr. Jackson's request for equitable modification, the Court is mindful that:

> Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application.  They protect important social interests in certainty, accuracy, and repose.  Hence, while it is inherently difficult to predict when resort to the saving grace of equitable modification is appropriate, it is important to remember that such relief is an exception to the rule, and should therefore be used only in exceptional circumstances.

*Dring*, 58 F.3d at 1330 (alteration, citation, and internal quotation marks omitted).  The Court finds on the record before it that the circumstances of this case do not warrant equitable modification of the FTCA's statute of limitations.  Therefore, the United States is entitled to summary judgment on Mr. Jackson's FTCA claim.

**IV.     Conclusion**

For the foregoing reasons, the Court dismisses Mr. Noble's FTCA claim without prejudice for lack of subject-matter jurisdiction.  The Court also grants in part and denies in part the United States' motion for summary judgment (Dkt. No. 5).  The Court grants the United States' motion for summary judgment with respect to Mr. Jackson's FTCA claim, and this claim is dismissed with prejudice.  The Court denies as moot the United States' motion for summary judgment with respect to Mr. Noble's FTCA claim.

It is so ordered this 22nd day of September, 2020.

Kristine G. Baker
United States District Judge